1  Nick Baltaxe (SBN 329751)
**DUANE MORRIS LLP**
2  865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017
3  E-mail:    nbaltaxe@duanemorris.com

4  Gerald L. Maatman (IL 6181016) *(pro hac vice application pending)*
Jennifer A. Riley (IL 6272366) *(pro hac vice application pending)*
5  **DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
6  Chicago, IL 60603
E-mail:    gmaatman@duanemorris.com
7              jariley@duanemorris.com

8  Attorneys for Defendant,
CAPSTONE LOGISTICS, LLC, a limited liability company
9

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  JACOB SAIGE & REGINALD          Case No. 5:24-cv-00195-RGK-SHK
    MCOWENS, individually and on behalf
13  of all others similarly situated,      **DEFENDANT CAPSTONE
                                           LOGISTICS LLC'S NOTICE OF
14          Plaintiffs,                     MOTION AND MOTION TO
                                           COMPEL ARBITRATION AND
15      v.                                  DISMISS COMPLAINT;
                                           MEMORANDUM OF POINTS AND
16  CAPSTONE LOGISTICS, LLC, a            AUTHORITIES IN SUPPORT
    limited liability company; and DOES 1  THEREOF**
17  through 25, inclusive
                                           Date:  Monday, April 8, 2024
18          Defendants.                     Time:  9:00 a.m.
                                           Judge: Hon. R. Gary Klausner
19

20                                         *[Filed concurrently with Declaration of
                                           Scott Dickinson and [Proposed] Order]*
21

22

23

24

25

26

27

28

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on Monday, April 8, 2024, at 9:00 a.m. (PST), in Courtroom 850 of the above-entitled Court, located at the George E. Brown Jr. United States Courthouse on 255 East Temple Street, Los Angeles, CA 90012, Defendant Capstone Logistics, LLC, by and through its counsel, will and hereby does move for an order: (i) to compel Plaintiffs Jacob Saige and Reginald McOwens (hereinafter collectively referred to as "Plaintiffs") to pursue their individual claims in arbitration and dismiss their putative class action complaint, with prejudice; (ii) to compel Plaintiffs to pursue their individual claims under the California Labor Code's Private Attorneys General Act ("PAGA") in arbitration pursuant to the terms of the Employment-At-Will and Arbitration Agreement; and (iii) to stay the non-individual PAGA claims pending completion of the arbitration of Plaintiffs' individual PAGA claims, pursuant to and consistent with the Federal Arbitration Act ("FAA"), 9 U.S.C. sections 3 and 4, the U.S. Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, 596 U.S. ___, 142 S. Ct. 1906 (2022) and the California Supreme Court's decision in *Adolph v. Uber Technologies, Inc.*, 14 Cal.5th 1104 (2023).

This Motion is made pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and is based on this Notice, the concurrently filed Memorandum of Points and Authorities, the Declaration of Scott Dickinson and exhibits thereto, the [Proposed] Order, all other supporting papers and documents on file with the Court, the record in this action, and such oral and documentary evidence as may be presented at the hearing. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place via email from February 1, 2024, to February 27, 2024.

1    Dated: March 1, 2024                      **DUANE MORRIS LLP**

2

3                                              By /s/ Nick Baltaxe
                                                   Gerald L. Maatman
4                                                  Jennifer A. Riley
5                                                  Nick Baltaxe
                                                   Attorneys for Defendant,
6                                                  CAPSTONE LOGISTICS, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.    INTRODUCTION .......................................................................................... 1

II.   FACTUAL BACKGROUND .......................................................................... 2

    A.    Plaintiffs and Capstone Entered Into An Enforceable Arbitration Agreement ............................................................................ 3

    B.    Plaintiffs' Individual Claims Relate To Their Employment ................... 4

III.  LEGAL ARGUMENT ................................................................................... 5

    A.    The Court Should Compel Arbitration Of Plaintiffs' Claims ................. 5

    B.    The Parties Agreed to Arbitrate Their Disputes ..................................... 6

    C.    Plaintiff's Individual Claims Are Within The Scope Of The Agreement ............................................................................................... 7

        1.    The Class Action Waiver Must Be Enforced ............................... 8

        2.    Plaintiffs Must Submit Their Individual PAGA Claims To Arbitration And This Court Must Stay The Non-Individual PAGA Claims Pending Completion of Arbitration .................................................................................... 9

    D.    The Arbitration Agreement Is Valid And Enforceable ......................... 10

        1.    The Arbitration Agreement Is Procedurally Fair ....................... 11

            i.    Plaintiffs Cannot Claim Surprise ...................................... 11

            ii.   Plaintiff Cannot Claim Oppression ................................... 12

        2.    The Arbitration Agreement Is Substantively Fair ...................... 13

        3.    The Court Should Sever Any Term Deemed Unconscionable ............................................................................ 15

    E.    The Court Should Dismiss Counts I-IX Of The Complaint In Favor Of Arbitration And Stay The Non-Individual PAGA Claim In Count X Of The Complaint Pending Completion Of Arbitration ............................................................................................ 16

IV.   CONCLUSION ........................................................................................... 17

# **TABLE OF AUTHORITIES**

**Cases**

*24 Hour Fitness, Inc. v. Superior Court*, 66 Cal.App.4th 1199 (1998)............... 11, 14

*A&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) ............................................. 8

*Adolph v. Uber Technologies, Inc.*, 14 Cal.5th 1104 (2023) ............................... 10, 16

*Ajamian v. CantorCO2e*, 203 Cal.App.4th 771 (2012) ................................................ 13

*Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013) .................................... 8

*Am. Software, Inc.*, 46 Cal.App.4th at 1391 ............................................................. 14

*Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83 (2000)........................................................................................................ *Passim*

*Baltazar v. Forever 21, Inc.*, 62 Cal.4th 1237 (2016) ................................................ 13

*Bolanos v. Khalatian*, 231 Cal.App.3d 1586 (1991) .................................................. 12

*Bolter v. Superior Court*, 87 Cal. App. 4th 900 (2001) .............................................. 15

*Bouskos v. J.P. Morgan Chase Bank, N.A.*, No. 1:19-CV-01431, 2020 WL 8483909 (E.D. Cal. Dec. 21, 2020) ................................................................ 9

*Brookwood v. Bank of Am.*, 45 Cal.App.4th 1667 (1996) ......................................... 12

*Campos v. JPMorgan Chase Bank, NA*, No. 18-cv-06169-JSC, 2019 WL 827634 (N.D. Cal. 2019) ........................................................................... 16

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126 (9th Cir. 2000) ............................................................................................................... 6

*Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001).............................................. 5

*Coast Plaza Doctors Hosp. v. Blue Cross of Cal.*, 83 Cal.App.4th 677 (2000) ......................................................................................................... 5, 7

*Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465 (D.C. Cir. 1997)................................ 14

*CompuCredit Corp. v. Greenwood*, 565 U.S. 95 (2012) ............................................... 5

*Davis v. Kozak*, 53 Cal.App.5th 897........................................................................... 14

*Davis v. Nordstrom, Inc.*, 755 F.3d 1089 (9th Cir. 2014) ............................................. 6

*Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951 (1997) ............................. 11

*Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 138 S. Ct. 1612 (2018) ........................... 1, 8

*Espejo v. S. California Permanente Med. Grp.*, 246 Cal. App. 4th 1047
    (2016) .............................................................................................................................. 7

*Fed. Ins. Co. v. Superior Court*, 60 Cal. App. 4th 1370 (1998) .......................... 10, 16

*Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778 (9th Cir.
    2002) .............................................................................................................................. 15

*Fittante*, 105 Cal.App.4th at 716 .................................................................................. 14

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) ................................... 5

*Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79 (2000) ................................. 10

*Guerrero v. Haliburton Energy Servs., Inc.*, No. 1:16-CV-01300, 2018
    WL 3615840 (E.D. Cal. July 26, 2018) ...................................................................... 9

*Jersey v. John Muir Med. Ctr.*, 97 Cal. App. 4th 814 (2002) .................................. 13

*Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072 (9th Cir. 2014) ............... 16

*Jose Rubio v. Marriott Resorts Hosp. Corp. et al.*, No. 8:23-CV-00773,
    2023 WL 8153535 (C.D. Cal. Oct. 17, 2023) ............................................................ 9

*Knepper v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*, No. 2:19-
    CV-00527, 2019 WL 1449502 (C.D. Cal. Mar. 26, 2019) ...................................... 9

*Lagatree v. Luce, Forward, Hamilton & Scripps LLP*, 74 Cal. App. 4th
    1105 (1999) ................................................................................................................... 13

*LeBoeuf v. NVIDIA Corp.*, No. 19-CV-02543-SVK, 2019 WL 13210428
    (N.D. Cal. Nov. 18, 2019), *aff'd,* 833 F. App'x 465 (9th Cir. 2021) ..................... 16

*Little v. Auto Stiegler, Inc.*, 29 Cal.4th 1064 (2003) ..................................................... 5

*Macaulay v. Norlander*, 12 Cal. App. 4th 1 (1992) ...................................................... 12

*Madden v. Kaiser Found. Hosps.*, 17 Cal.3d 699 (1976) .......................................... 5, 12

*Mercuro v. Superior Court*, 96 Cal. App. 4th 167 (2002) ........................................... 15

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614 (1985)..................................................................................................... 10

*Molecular Analytical Sys. v. Ciphergen Biosystems, Inc.*, 186 Cal.App.4th 696 (2010) ...................................................................... 6

*Morris v. Redwood Empire Bancorp*, 128 Cal.App.4th 1305 (2005) ....................... 14

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)................................................................................................... 5

*Nguyen v. Applied Med. Res. Corp.*, 4 Cal. App. 5th 232, 246 (2016) ....................... 5

*Oakland-Alameda Cty. Coliseum Auth. v. CC Partners*, 101 Cal. App. 4th 635 (2002)................................................................................. 16

*Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223 (2012)...........................................................................10-11

*Ramirez v. Elec. Arts Inc.*, 2021 WL 843184 (N.D. Cal. Mar. 5, 2021) ..................... 6

*Roman v. Superior Court*, 172 Cal. App. 4th 1462 (2009) ................................. 11, 13

*Rowland v. PaineWebber Inc.*, 4 Cal.App.4th 279 (1992) ........................................ 12

*Sanchez v. Valencia Holding Co.*, LLC, 61 Cal. 4th 899 (2015) ........................ 11, 13

*Serpa v. California Surety Investigations, Inc.*, 215 Cal.App.4th 695 ...................... 13

*Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220 (1987)............................... 10

*SI V, LLC v. FMC Corp.*, 223 F. Supp. 2d 1059 (N.D. Cal. 2002) ........................... 16

*Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109 (2013)................................... 11

*Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519 (1997)........................................... 11

*In re Tobacco Cases I*, 124 Cal.App.4th 1095 (2004)................................................. 7

*United Transp. Union v. S. Cal. Rapid Transit Dist.*, 7 Cal.App.4th 804 (1992)......................................................................................................... 7

*Viking River Cruises v. Moriana*, 142 S. Ct. 1906 (2022) ...........................1, 9-10, 16

**Statutes**

9 U.S.C. § 1, *et seq.* ............................................................................................ 5

Cal. Civ. Code § 1633.9(a) ................................................................................... 6

Cal. Code Civ. Proc. § 1281.4 ..................................................................... 10, 16

Cal. Code Civ. Proc. § 1670.5 ..................................................................... 11, 15

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Jacob Saige and Reginald McOwens (hereinafter collectively referred to as "Plaintiffs") voluntarily executed identical documents entitled Employment-At-Will and Arbitration Agreement (the "Agreement" or "Arbitration Agreement") at the outset of their employment with Defendant Capstone Logistics, LLC ("Capstone" or "Defendant").  In the Agreement, each Plaintiff and Capstone mutually agreed to arbitrate all claims relating to Plaintiffs' respective employment on an individual basis.  Despite this Agreement, Plaintiffs brought suit in the Superior Court for the State of California for the County of Riverside, alleging wage and hour violations under the California Labor Code, the California Business and Professions Code and the Private Attorneys General Act ("PAGA"), purportedly on behalf of a putative class.  (*See generally* Plaintiffs' Complaint ("Compl.") (ECF No. 5-1).)  Because Plaintiffs' claims relate to their employment, they fall within the Arbitration Agreement.  As such, the Court should compel Plaintiffs to arbitrate their claims individually against Capstone and dismiss all claims subject to arbitration under the Arbitration Agreement.

The Arbitration Agreement is valid and enforceable, and the individual claims alleged by Plaintiffs fall within its scope.  The Arbitration Agreement fully comports with the requirements of *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83 (2000), because it is neither procedurally nor substantively unconscionable.  Class waivers are valid and enforceable.  *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018).  And the U.S. Supreme Court has ruled that agreements to submit individual PAGA claims to binding arbitration are enforceable. *Viking River Cruises v. Moriana*, 142 S. Ct. 1906, 1925 (2022).

The Court should grant this motion, compel Plaintiffs to arbitrate their wage and hour claims and dismiss the class claims pursuant to the terms of the parties' valid agreement to arbitrate Plaintiffs' individual claims and Plaintiffs' waiver of their

ability to assert claims related to their claims on a class basis. Additionally, the Court should compel Plaintiffs to arbitrate their individual PAGA claims on an individual basis and stay the representative PAGA claims pending completion of that arbitration.

## II.   <u>FACTUAL BACKGROUND</u>

Plaintiff Jacob Saige ("Saige") worked for Capstone Logistics from approximately August 2021 through approximately September 2022. (Compl. ¶ 22.) On August 7, 2021, Saige completed the electronic onboarding process. (Declaration of Scott Dickinson ("Dickinson Decl.") ¶ 13.) The onboarding process required Saige to complete several tasks, including verifying his personal information, electing a payroll funding option, identifying his emergency contacts, and completing policy acknowledgements. (*Id.* ¶ 11.) Under the "Policy Acknowledgments" portion of the onboarding process, the onboarding system directed Saige to review the Capstone Logistics Employment-At-Will and Arbitration Agreement. (*Id.*) The onboarding system presented the Agreement and allowed Mr. Saige to open and to print the document in both English and Spanish. (*Id.* ¶ 12, Ex. B.) Mr. Saige then electronically signed the following acknowledgement:

> I, Jacob Saige, acknowledge with my signature below that I have received and reviewed the Capstone Logistics Employment-At-Will and Arbitration Agreement document. My signature and indication of agreement indicates my full acceptance of the policy outlined in the document.
>
> Date Signed: August 7, 2021

(*Id.*)

Plaintiff Reginald McOwens ("McOwens") worked for Capstone Logistics from approximately March 2022 through approximately July 2022. (Compl. ¶ 23.) On April 23, 2022, McOwens began the electronic onboarding process via Lifion. (Dickinson Decl. ¶ 18.) McOwens created a unique username and password to review

his new hire paperwork.  (*Id.*)  McOwens was required to open and to review the Employment At-Will and Arbitration Agreement before accepting it and completing the onboarding process.  (*Id.* ¶ 20.)  Mr. McOwens signed the acknowledgement and agreed to the Arbitration Agreement on April 23, 2022.  (*Id.* ¶ 22, Ex. C.)

**A.    Plaintiffs and Capstone Entered Into An Enforceable Arbitration Agreement**

The Arbitration Agreement provides that each Plaintiff and Capstone "agree to use binding arbitration, instead of going to court, as the sole and exclusive means to resolve any 'Covered Claims' that arise or have arisen between [Plaintiff] and [Capstone]."  (Dickinson Decl. ¶ 14, Ex. B, § 2.)  The Agreement defines "Covered Claims" as "any claim, dispute, and/or controversy that I may have against the Company, or that the Company may have against me, whether based on tort, contract, statute (including, but not limited to, any claims of . . . unpaid wages, whether they be based on . . . the Fair Labor Standards Act, or any other similar federal, state or local law or regulation which may apply to the parties' employment relationship), equitable law, or otherwise."  (*Id.* § 3.)  Covered Claims include "any claim, dispute, and/or controversy that may arise out of or be related in any way to [Plaintiff's] employment, including but not limited to . . . [Plaintiff's] compensation."  (*Id.*).

The Arbitration Agreement also states:

> [Plaintiff] and [Capstone] agree that Covered Claims will be arbitrated **only on an individual basis.** All claims subject to this Agreement shall be **brought in the individual capacity of [Plaintiff] or [Capstone]**, and shall be brought in the county in which the dispute arose (unless the parties mutually agree otherwise). This Agreement **shall not be construed to allow or permit the consolidation or joinder of other claims or controversies involving any other employees or**

1   **parties, or permit such claims or controversies to proceed**

2   **as a class or collective action.**

3   (*Id.* § 5 (emphasis added).)

4       The Arbitration Agreement includes provisions regarding how any arbitration

5   would proceed, including providing for a neutral arbitrator (*id.* § 8), for application of

6   the American Arbitration Association ("AAA") rules (*id.* § 7), and that the arbitrator

7   would have full authority to award damages and other relief pursuant to applicable

8   law.[1]  (*Id.* § 9.)  Capstone bears all the costs attributable to arbitration, including the

9   administration fees and costs of the arbitrator, under the Arbitration Agreement.  (*Id.*

10  § 10).

11      **B.     Plaintiffs' Individual Claims Relate To Their Employment**

12      On December 6, 2023, Plaintiffs filed this lawsuit, a putative class action

13  asserting various claims related to and arising out of Plaintiffs' employment, including

14  for the alleged:  (1) failure to pay minimum wages; (2) failure to pay overtime; (3)

15  failure to provide meal periods; (4) failure to provide rest breaks; (5) failure to timely

16  pay wages during employment; (6) failure to provide accurate itemized wage

17  statements; (7) failure to timely pay final wages; (8) failure to reimburse employee

18  business expenditures; (9) unfair business practices; and (10) Violations of the Private

19  Attorney Generals Act.  (ECF No. 5-1, Compl. ¶¶ 33-119.)  Plaintiffs seek to maintain

20  these claims on behalf of themselves and a proposed class of current and former

21  "hourly-paid and/or non-exempt employees who worked for Defendants in the State

22  of California at any time during the period from four years prior to the date of the

23  filing of the original Complaint until final judgment."  (ECF No. 5-1, Compl. ¶¶ 28-

24

25  _____

    [1] The Arbitration Agreement also includes a severability provision, which provides as
26  follows:  "If any term, provision or portion of this Agreement is determined to be void
    or unenforceable it shall be severed and the remainder of this Agreement shall be fully
27  enforceable; provided, however, that if the waiver of class and collective claims is
    found to be unenforceable, then any claim brought on a class, collective or
28  representative action basis must be filed in a court of competent jurisdiction, and such
    court shall be the exclusive forum for such claims." (*Id.* § 12.)

29.)  Based on Plaintiffs' definition of the "Class," the relevant time period is December 6, 2019, to present.

## III.    **LEGAL ARGUMENT**

### A.    **The Court Should Compel Arbitration Of Plaintiffs' Claims**

In accordance with the Federal Arbitration Act ("FAA"), the Court should enforce the Arbitration Agreement according to its terms and order Plaintiffs to resolve their claims in arbitration.  The FAA reflects a strong congressional policy favoring arbitration as a speedy and relatively inexpensive means of dispute resolution.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (noting that the FAA reflects a "congressional declaration of a liberal federal policy favoring arbitration agreements").  Accordingly, the statute requires courts to enforce agreements to arbitrate according to their terms and to resolve "any doubts concerning the scope of arbitrable issues" in favor of arbitration.  *Id.* at 24-25; *see CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 97-98 (2012). [2]

The FAA governs the enforceability of written arbitration provisions in contracts involving interstate commerce.  *See* 9 U.S.C. § 1, *et seq.*; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24-26 (1991).  Such contracts include employment contracts.  *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113-14 (2001); *see, e.g.*, *Nguyen v. Applied Med. Res. Corp.*, 4 Cal. App. 5th 232, 246 (2016).  The FAA unquestionably applies to this case for at least two reasons.  First, the parties agreed that the FAA applies in the Arbitration Agreement.  (Dickinson Decl. ¶ 14, Ex. B § 14.)  Second, Capstone is an entity that engages in interstate commerce by

---

[2] California's public policy also strongly favors arbitration agreements.  *See Little v. Auto Stiegler, Inc.*, 29 Cal.4th 1064, 1079-80 (2003); *Madden v. Kaiser Found. Hosps.*, 17 Cal.3d 699, 706-07 (1976) ("[A]rbitration has become an accepted and favored method of resolving disputes . . . praised by the courts as an expeditious and economical method of relieving overburdened civil calendars."); *Coast Plaza Doctors Hosp. v. Blue Cross of Cal.*, 83 Cal.App.4th 677, 686 (2000) ("California has a strong public policy in favor of arbitration.").  That public policy includes employment claims.  *See generally Armendariz v. Found. Health Psycare Servs., Inc.*, 24 Cal.4th 83 (2000).

conducting business throughout the country, and the Arbitration Agreement is a contractual agreement between Capstone and Plaintiffs regarding disputes arising from their employment with Capstone.

In deciding a motion to compel arbitration, after finding that the parties entered into an agreement, courts generally examine whether:  (1) the agreement to arbitrate encompasses the dispute at issue; and (2) the arbitration agreement is otherwise valid. *See Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092 (9th Cir. 2014); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *see also Molecular Analytical Sys. v. Ciphergen Biosystems, Inc.*, 186 Cal.App.4th 696, 705-06 (2010) (noting California state provisions regarding enforcement of arbitration agreements are the same).

### B.    The Parties Agreed to Arbitrate Their Disputes

The parties undisputedly agreed to the Arbitration Agreement and agreed to arbitrate any disputes by signing the Arbitration Agreement.

Where a plaintiff signs an arbitration agreement after having an opportunity to review its terms, there is no dispute that he accepted its terms.  *See Ramirez v. Elec. Arts Inc.*, 2021 WL 843184, at *3 (N.D. Cal. Mar. 5, 2021) (holding that defendant "provided sufficient evidence that [plaintiff] accepted the Arbitration Provision, and that he did so knowingly" where plaintiff provided electronic agreement and "was able to scroll through the entire User Agreement, including the Arbitration Provision, at his leisure prior to accepting").

There is no credible dispute as to the parties' agreement to arbitrate Plaintiffs' claims, including their individual PAGA claims.  As described in the declaration of Scott Dickinson in connection with the application and onboarding process, Plaintiffs reviewed, acknowledged, and electronically signed forms relating to their onboarding with Capstone, including the Arbitration Agreement.  (Dickinson Decl. ¶¶ 26-27.)  *See* Cal. Civ. Code § 1633.9(a) ("An electronic record or electronic signature is attributable to a person if it was the act of the person," and may be shown "in any

manner"); *Espejo v. S. California Permanente Med. Grp.*, 246 Cal. App. 4th 1047, 1062 (2016) (finding that the defendant had adequately shown electronic acceptance of the arbitration agreement at issue).  These facts establish that Plaintiffs knowingly accepted the Arbitration Agreement.

Capstone has shown that the parties entered into an agreement to arbitrate and has provided this Court with a true and correct copy of the Arbitration Agreement acknowledged and signed by both Plaintiffs.  Plaintiffs agreed to be bound to arbitrate all Covered Claims against Capstone by signing this Agreement.  Plaintiffs and Capstone freely entered into the Agreement and consented to be mutually bound by its terms.

### C.    Plaintiff's Individual Claims Are Within The Scope Of The Agreement

The Court should compel Plaintiffs to individually arbitrate their claims because their claims unquestionably fall within the broad terms of the Arbitration Agreement.

The scope of an arbitration agreement is determined by the agreement itself. *See, e.g.*, *In re Tobacco Cases I*, 124 Cal.App.4th 1095, 1106-07 (2004) ("[C]ontractual language is interpreted in its popular and ordinary sense.").  The Court should uphold the agreement unless it can be said with assurance that the agreement cannot be interpreted to cover the asserted dispute.  *See United Transp. Union v. S. Cal. Rapid Transit Dist.*, 7 Cal.App.4th 804, 808-09 (1992).  The party opposing arbitration bears the burden of demonstrating that an arbitration clause does not require arbitration of the dispute.  *See Coast Plaza Doctors Hosp. v. Blue Cross of Cal.*, 83 Cal.App.4th 677, 686-87 (2000).

Here, Plaintiffs' claims unequivocally fall within the scope of the Arbitration Agreement.  The Arbitration Agreement covers "any claim, dispute, and/or controversy that [either Plaintiff] may have against [Capstone], or that [Capstone] may have against [either Plaintiff]," which includes "any claim, dispute, and/or controversy

that may arise out of or be related in any way to [Plaintiffs'] employment, including but not limited to the termination of [Plaintiffs'] employment and [Plaintiffs'] compensation." (*See* Dickinson Decl. ¶ 14, Ex. B § 3.)

Plaintiffs allege various Labor Code violations in the Complaint – for example, that Capstone failed to pay minimum wage and overtime, and failed to provide meal and rest breaks, among other things. In their PAGA cause of action, Plaintiffs reiterate their allegations of unpaid wages and other wage payment violations under the California Labor Code during their employment. As such, Plaintiffs' alleged wage claims arise out of their employment with Capstone and are brought pursuant to state laws and regulations that apply to their former employment relationship. Accordingly, the claims asserted in the Complaint fall within the "Covered Claims" of the Arbitration Agreement.

### 1.    The Class Action Waiver Must Be Enforced

The law is straightforward regarding enforceability of class waivers. The Supreme Court has made clear that class waivers in arbitration agreements are enforceable. *See Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 138 S. Ct. 1612, 1623 (2018). Moreover, to the extent a state law seeks to impose class arbitration despite a contractual agreement for individualized arbitration, this is inconsistent with, and therefore preempted by, the FAA. *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 236 (2013); *A&T Mobility LLC v. Concepcion*, 563 U.S. 333, 343 (2011). The FAA requires courts to compel arbitration "in accordance with the terms of the agreement" and allows the parties to limit with whom a party will arbitrate its disputes and to waive availability of class-wide arbitration. *AT&T Mobility LLC*, 563 U.S. at 344-45.

Section 5 of the Arbitration Agreement specifically states that "Covered Claims will be arbitrated only on an individual basis. All claims subject to this Agreement shall be brought in the individual capacity of [Plaintiff] . . . . This Agreement shall not be construed to allow or permit the consolidation or joinder of other claims or

8

controversies involving any other employees or parties, or permit such claims or controversies to proceed as a claim or collective action." (Dickinson Decl. ¶ 14, Ex. B, § 5.) Plaintiffs expressly waived "any substantive or procedural rights that [they] may have to participate in, bring, or receive monetary or other relief from any action on a class or collective basis." (*Id.*) Under *Epic Systems*, the class action waiver must be enforced, and Plaintiffs' purported class claims under the California Labor Code and the California Business & Professions Code must be dismissed. *See Knepper v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*, No. 2:19-CV-00527, 2019 WL 1449502, at *6 (C.D. Cal. Mar. 26, 2019) (holding that a class action waiver was enforceable under *Epic Systems* and therefore plaintiff must arbitrate her wage and hour claims on an individual basis); *Bouskos v. J.P. Morgan Chase Bank, N.A.*, No. 1:19-CV-01431, 2020 WL 8483909, at *5 (E.D. Cal. Dec. 21, 2020) (following *Epic Systems* and enforcing class action waiver to compel individual arbitration); *Guerrero v. Haliburton Energy Servs., Inc.*, No. 1:16-CV-01300, 2018 WL 3615840, at *5 (E.D. Cal. July 26, 2018) (noting that "an arbitration agreement in which an employee agrees to arbitrate claims against an employer on an individual − rather than on a class or collective − basis, is enforceable") (citing *Epic Systems*); *cf. Jose Rubio v. Marriott Resorts Hosp. Corp. et al.*, No. 8:23-CV-00773, 2023 WL 8153535, at *3 (C.D. Cal. Oct. 17, 2023) (referencing holding from *Epic Systems* and enforcing class action waiver to dismiss class claims).

>           **2.    Plaintiffs Must Submit Their Individual PAGA Claims To Arbitration And This Court Must Stay The Non-Individual PAGA Claims Pending Completion of Arbitration**

Plaintiffs' individual PAGA claims are also subject to the Arbitration Agreement. In *Viking River*, the U.S. Supreme Court held that a plaintiff's "individual" PAGA claim can be divided from the "representative" PAGA claim of other employees (*i.e.*, claims for violations suffered by others, also known as the "non-individual" claims) and can be compelled to arbitration. *See id.* at 1916, 1924-

25. Accordingly, the employer in *Viking River* "was entitled to enforce the [arbitration] agreement insofar as it mandated arbitration of [the employee's] individual PAGA claim." *Id*. at 1925. In *Adolph,* the Court severed the portion of a representative waiver that applied to a PAGA claim, but compelled the individual PAGA claims to arbitration pursuant to the parties' agreement. *Adolph v. Uber Technologies, Inc.*, 14 Cal.5th at 1117-1118 (holding that, despite unenforceability of PAGA waiver provision, plaintiff was required to bifurcate claims and arbitrate individual PAGA claims).

Here too, Plaintiffs expressly agreed that any claims they may have would be arbitrated only on an individualized basis. (Dickinson Decl. ¶ 14, Ex. B § 5.) As in *Adolph* and *Viking River,* the individual PAGA claims should be compelled to arbitration. By its clear terms, the Arbitration Agreement provides for individual arbitration of Plaintiffs' individual claims, including their individual PAGA claims. Thus, Plaintiffs must submit their individual PAGA claims to arbitration. The non-individual PAGA claims must be stayed pending the completion of the arbitration. *See* Cal. C.C.P. § 1281.4; *see also Fed. Ins. Co. v. Superior Court*, 60 Cal. App. 4th 1370, 1374-75 (1998) (requiring stay of lawsuit pending completion of arbitration).

### D.    The Arbitration Agreement Is Valid And Enforceable

Arbitration agreements governed by the FAA are presumed to be valid and enforceable. *See Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626-27 (1985). Plaintiff bears the burden to prove otherwise. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000); *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012).

Similarly, in California, if the essential elements of a contract are present, the agreement shall be enforced so long as it is fair and conscionable. *See Armendariz*, 24 Cal. 4th at 114. "[I]n order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability," the plaintiff must prove

that the agreement is both procedurally and substantively unconscionable. *Id.* (quoting *Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519, 1533 (1997)).  Courts assessing the conscionability of an arbitration agreement under California law use a "sliding scale" to assess procedural and substantive unconscionablity; thus, the less procedurally unconscionable the contract term, the more evidence of substantive unconscionability is required to find an agreement unenforceable. *See id.*; *Sanchez v. Valencia Holding Co.*, LLC, 61 Cal. 4th 899, 910 (2015).  This assessment requires the court to consider the totality of circumstances surrounding the formation of the agreement.  *See Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1146 (2013).

As discussed below, Plaintiffs cannot meet their burden to establish that the Arbitration Agreement is unconscionable. *See Pinnacle Museum Tower Ass'n*, 55 Cal. 4th at 236; *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 972 (1997) ("[A] party opposing the petition [to compel arbitration] bears the burden of proving by a preponderance of the evidence any fact necessary to its defense.").  Accordingly, the Arbitration Agreement must be enforced.  *See Roman v. Superior Court*, 172 Cal. App. 4th 1462, 1468 (2009) (holding that a petition to compel arbitration "must be granted" unless grounds exist to revoke the underlying agreement).

### 1. The Arbitration Agreement Is Procedurally Fair

Procedural unconscionability refers to "oppression" or "surprise" due to the unequal bargaining power that results in no real negotiation and an absence of meaningful choice. *Pinnacle Museum*, 55 Cal. 4th at 247; *24 Hour Fitness, Inc. v. Superior Ct.*, 66 Cal. App. 4th 1199, 1213 (1998); Code Civ. Proc. § 1670.5.  Neither is present here.

### i. Plaintiffs Cannot Claim Surprise

There is no argument that the Arbitration Agreement took Plaintiffs by surprise. The Arbitration Agreement is entitled in large, bold font, "**EMPLOYMENT-AT-WILL AND ARBITRATION AGREEMENT**."  (Dickinson Decl. ¶ 14, Ex. B.) The Arbitration Agreement is neatly typed and easy to read.  (*See generally id.*)

Nothing about the Arbitration Agreement was hidden or obscured from Plaintiffs.  It was presented—as a standalone document—to Plaintiff as part of the onboarding process and was available in English and Spanish.  (*Id.*)  Plaintiffs acknowledged their receipt of the Employment-At-Will and Arbitration Agreement, that they reviewed the terms of the Arbitration Agreement, and that their signature indicated their full acceptance of the Arbitration Agreement.  (Dickinson Decl. ¶¶ 13, 19, Exs. A and C.)  Accordingly, Plaintiffs cannot credibly claim that the Arbitration Agreement was in any way buried or otherwise hidden from them in any fashion.

Nor can Plaintiffs now attempt to invalidate the Arbitration Agreement by claiming that they did not actually read it before signing it.  *See Brookwood v. Bank of Am.*, 45 Cal.App.4th 1667, 1674 (1996) (quoting *Rowland v. PaineWebber Inc.*, 4 Cal.App.4th 279, 286 (1992) and *Macaulay v. Norlander*, 12 Cal. App. 4th 1, 6 (1992)) ("Reasonable diligence requires the reading of a contract before signing it.  A party cannot use his own lack of diligence to avoid an arbitration agreement"; "Hence, plaintiff was 'bound by the provisions of the [arbitration] agreement regardless of whether [she] read it or [was] aware of the arbitration clause when [she] signed the document.'").

Additionally, any after-the-fact claim that Plaintiffs did not understand the Arbitration Agreement does not render it invalid:  "When a person with the capacity of reading and understanding an instrument signs it, he may not, in the absence of fraud, coercion or excusable neglect, avoid its terms on the ground that he failed to read it before signing it."  *Bolanos v. Khalatian*, 231 Cal.App.3d 1586, 1590 (1991).  The failure to read or understand an arbitration agreement is generally no defense.  *See Madden*, 17 Cal. 3d at 710.

### ii.    Plaintiff Cannot Claim Oppression

Plaintiffs cannot show that the Arbitration Agreement is procedurally unconscionable as a contract of adhesion or condition of employment.  It is well settled that unequal bargaining power, such as that between an employer and

employee, or in an agreement presented as a condition of employment, is but one factor in determining the level of procedural unconscionability. *See Serpa v. California Surety Investigations, Inc.*, 215 Cal.App.4th 695, 704 ("When ... there is no other indication of oppression or surprise [other than any oppression resulting from unequal bargaining power], 'the degree of procedural unconscionability of an adhesion agreement is low, and the agreement will be enforceable unless the degree of substantive unconscionability is high.'") (citing *Ajamian v. CantorCO2e*, 203 Cal.App.4th 771, 786 (2012); *see also Roman v. Superior Court*, 172 Cal.App.4th 1462, 1471 n.2 ("When bargaining power is not grossly unequal and reasonable alternatives exist, oppression typically inherent in adhesion contracts is minimal.")

An arbitration agreement is not invalid simply because it is imposed as a condition of employment. *See Lagatree v. Luce, Forward, Hamilton & Scripps LLP*, 74 Cal. App. 4th 1105, 1122-23 (1999); *Jersey v. John Muir Med. Ctr.*, 97 Cal. App. 4th 814, 824 (2002). Plaintiffs freely chose to sign and agreed to the terms of the Arbitration Agreement. Contracts of adhesion are not considered unconscionable absent terms that are oppressive or otherwise shock the conscience. *See Baltazar v. Forever 21, Inc.,* 62 Cal.4th 1237, 1244 (2016). Here, there are no hidden terms, no evidence of "oppression" and, at most, a low level of procedural unconscionability in that the agreement was presented as a term or condition of employment. Plaintiffs chose to sign the agreement and to continue in their employment with Capstone. On the sliding scale, absent significant substantive unconscionability (of which there is none as explained below), the Arbitration Agreement remains valid and enforceable and must be enforced.

### 2.    The Arbitration Agreement Is Substantively Fair

Plaintiffs also cannot provide any evidence of substantive unconscionability. Substantive unconscionability focuses on overly harsh or one-sided results. *See Armendariz*, 24 Cal.4th at 114; *Sanchez*, 224 Cal.App.4th at 402. To prove that the Arbitration Agreement is substantively unconscionable, Plaintiff must prove that its

terms are "so extreme" or "unfair" so as to "shock the conscience." *24 Hour Fitness, Inc. v. Superior Court*, 66 Cal.App.4th 1199, 1213 (1998) (finding arbitration agreement enforceable where the employee failed to demonstrate a "concrete reason why the terms of the agreement are unduly harsh, oppressive or one-sided"); *Morris v. Redwood Empire Bancorp*, 128 Cal.App.4th 1305, 1322-23 (2005) ("[W]ith a concept as nebulous as 'unconscionability' it is important that courts not be thrust in the paternalistic role of intervening to change contractual terms that the parties have agreed to merely because the court believes the terms are unreasonable. The terms must shock the conscience.") (quoting *Am. Software, Inc.*, 46 Cal.App.4th at 1391). A "high" degree of substantive unconscionability must be shown, especially if there is only a minimal showing of procedural unconscionability. *See Davis v. Kozak*, 53 Cal.App.5th 897, 917; *see also 24 Hour Fitness, Inc.*, *supra*, 66 Cal.App.4th at 1214.

Specifically, courts look to the *Armendariz* factors in evaluating substantive unconscionability. These factors consider whether the agreement: "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." *Armendariz*, 24 Cal.4th at 102 (quoting *Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465, 1482 (D.C. Cir. 1997)); *Fittante*, 105 Cal.App.4th at 716. In addition, the agreement must have a "modicum of bilaterality" to be enforceable (*i.e.*, it must require both the employee and employer to arbitrate claims against each other and must apply equally to both parties). *Armendariz*, 24 Cal.4th at 117-18; *Fittante*, 105 Cal.App.4th at 723-25 (arbitration agreement is enforceable when it is equally applicable to both parties).

Here, the Arbitration Agreement meets all of the *Armendariz* factors to demonstrate fairness and enforceability. The Arbitration Agreement guarantees the appointment of a neutral arbitrator (Dickinson Decl. ¶ 14, Ex. B § 8) (factor 1), provides for discovery under the AAA rules and provides a link to those rules (*id.* § 7)

(factor 2), requires a written award by the arbitrator setting forth the reasons and the legal basis for the arbitrator's determination (*id*. § 9) (factor 3), and does not contain any limitations on the remedies available (*id.*) (factor 4).  The Arbitration Agreement provides that Capstone "shall pay all costs uniquely attributable to arbitration, including the administrative fees and costs of the arbitrator." (*Id*. § 10 (factor 5).) The Agreement is mutual and requires that both Plaintiff and Capstone Logistics submit all employment-related claims to arbitration and abide by the same terms and procedures.  (*Id*.)

As such, the Arbitration Agreement satisfies the *Armendariz* analysis, is substantively conscionable, and should be enforced.

### 3.    The Court Should Sever Any Term Deemed Unconscionable

Even if the Court determines that a provision of the Arbitration Agreement is unenforceable, it should modify or sever the offending provision.  *See Bolter v. Superior Court*, 87 Cal. App. 4th 900, 910 (2001) ("It is not necessary to throw the baby out with the bath water, i.e., the unconscionable provisions can be severed and the rest of the agreement enforced.").

To prevent severance (in the event any provision were deemed unconscionable), Plaintiffs would need to show that the Arbitration Agreement is "permeated" with illegality.  *Bolter*, 87 Cal. 4th at 910-11; *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 787 (9th Cir. 2002) (holding court should only decline to sever offending portion if an agreement "is permeated by the unconscionability") (quoting California Legislative Committee Comment on Cal. Civil Code § 1670.5).  Courts have found an entire agreement to be unenforceable only when multiple defects "indicate a systematic effort to impose arbitration on an employee . . . as an inferior forum that works to the employer's advantage." *Mercuro v. Superior Court*, 96 Cal. App. 4th 167, 185 (2002) (quoting *Armendariz*, 24 Cal. 4th at 124).

Instead, courts are apt to sever an objectionable clause where the parties have agreed in the arbitration agreement to modify or interpret any clause found to be

invalid or unenforceable.  *See Oakland-Alameda Cty. Coliseum Auth. v. CC Partners*, 101 Cal. App. 4th 635, 646 (2002); *SI V, LLC v. FMC Corp.*, 223 F. Supp. 2d 1059, 1063 (N.D. Cal. 2002).  Here, the parties did just that.  The Arbitration Agreement contains a "Savings Clause," providing that "[i]f any term, provision or portion of this Agreement is determined to be void or unenforceable it shall be severed and the remainder of this agreement shall be fully enforceable."  (Dickinson Decl. ¶ 14, Ex. B § 12.)  Thus, in the event the Court finds a provision to be unenforceable, the Court should modify or remove the offending provision and enforce the Arbitration Agreement.

> **E.** **The Court Should Dismiss Counts I-IX Of The Complaint In Favor Of Arbitration And Stay The Non-Individual PAGA Claim In Count X Of The Complaint Pending Completion Of Arbitration**

Capstone seeks dismissal of the claims in Counts I-X from the Complaint.  *See LeBoeuf v. NVIDIA Corp.*, No. 19-CV-02543-SVK, 2019 WL 13210428, at *12 (N.D. Cal. Nov. 18, 2019), *aff'd,* 833 F. App'x 465 (9th Cir. 2021) ("The Ninth Circuit has held that 'a district court may either stay the action or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration.'") (quoting *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073-74 (9th Cir. 2014)); *see also Campos v. JPMorgan Chase Bank, NA*, No. 18-cv-06169-JSC, 2019 WL 827634, at *12 (N.D. Cal. 2019) (collecting cases where courts in the Ninth Circuit dismissed cases outright where all claims raised in a complaint are subject to arbitration).

Likewise, under *Adolph* and *Viking River*, Plaintiffs' individual PAGA claims should be compelled to arbitration, while any interpretation of the representative action waiver that is found to be unenforceable should be severed, and the representative PAGA claims should be stayed pending resolution of arbitration.  *See* Cal. C.C.P. § 1281.4; *see also Fed. Ins. Co. v. Superior Court*, 60 Cal. App. 4th 1370, 1374-75 (1998) (requiring stay of lawsuit pending completion of arbitration); *Adolph*

*v. Uber Technologies, Inc.*, 14 Cal.5th 1104 (2023).

## IV.    **CONCLUSION**

      For the foregoing reasons, Capstone respectfully requests that the Court grant this Motion to Compel Arbitration, compel Plaintiffs to pursue their individual wage-and-hour claims in arbitration, and dismiss Plaintiffs' class claims.  Additionally, Capstone respectfully requests that the Court compel Plaintiffs to pursue their individual PAGA claims in arbitration and stay the representative PAGA claims pending completion of the individual arbitration.

Dated: March 6, 2024            **DUANE MORRIS LLP**

                            By  */s/ Nick Baltaxe*
                            Gerald L. Maatman
                            Jennifer A. Riley
                            Nick Baltaxe
                            Attorneys for Defendant,
                            CAPSTONE LOGISTICS, LLC