UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00195-RGK-SHK | | Date | April 12, 2024 |
|---|---|---|---|---|
| Title | *Jacob Saige et al. v. Capstone Logistics, LLC et al.* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**    **(IN CHAMBERS) Order Re: Defendant's Motion to Compel Arbitration and Dismiss Complaint [DE 22]**

## I.    INTRODUCTION

On December 6, 2023, Jacob Saige and Reginald McOwens (collectively, "Plaintiffs") filed a class action Complaint against Capstone Logistics, LLC ("Defendant") asserting claims for various wage and hour violations. (ECF No. 5-1.) On January 26, 2024, Defendant removed the action to this Court pursuant to the Class Action Fairness Act. (ECF No. 1.)

Presently before the Court is Defendant's Motion to Compel Arbitration and Dismiss Complaint. (ECF No. 22.) For the foregoing reasons, the Court **GRANTS** the Motion.

## II.    FACTUAL BACKGROUND

### A.    The Underlying Complaint

Defendant is a company that provides "end-to-end supply chain management solutions" from "inbound logistics through last mile delivery." (Pls.' Req. for Judicial Notice, Ex. A, ECF No. 25-5.)[1] Plaintiffs were employed by Defendant in 2021 and 2022. (Compl. ¶¶ 22–23.) Plaintiffs allege that Defendant maintained a policy and practice of violating various wage and hour laws. (*Id.* ¶ 33.)

### B.    The Arbitration Agreement

As a condition of their employment, Plaintiffs agreed to be bound by Defendant's Arbitration Agreement. (Dickinson Decl. ¶¶ 12, 22, ECF No. 22-1.) The Arbitration Agreement states, in pertinent part:

---

[1] Plaintiffs filed a Request for Judicial Notice alongside their Opposition. (Pls.' Req. for Judicial Notice, ECF No. 25-4.) Defendant does not oppose or object to this Request. Accordingly, the Court **GRANTS** the Request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00195-RGK-SHK | Date | April 12, 2024 |
|---|---|---|---|
| Title | *Jacob Saige et al. v. Capstone Logistics, LLC et al.* | | |

2.      <u>Agreement to Arbitrate.</u> Both I and the Company agree to use binding arbitration, instead of going to court, as the sole and exclusive means to resolve any "Covered Claims" that arise or have arisen between me and the Company. I understand and agree that arbitration is the only forum for resolving Covered Claims and that both I and the Company are waiving and relinquishing our respective rights to trial before a judge or jury in federal or state court in favor of arbitration. **I understand that my continued employment with the Company is deemed to be acceptance of this Agreement to Arbitrate.**

(Dickinson Decl., Ex. B (hereinafter "Agreement") ¶ 2, ECF No. 22-1 (emphasis in original).)[2] Covered Claims include an employee's claims against Defendant, its business partners, and customers, as well as Defendant's claims against the employee, "whether based on tort, contract, statute . . . , equitable law, or otherwise." (*Id.* ¶ 3.) Arbitration must be conducted using the American Arbitration Association's employment dispute resolution rules, which are included via hyperlink. (*Id.* ¶ 7.)

In addition to arbitration, the Agreement includes a waiver of class and collective claims. (*Id.* ¶ 5.) It also includes a waiver of monetary remedies for administrative claims, like those brought before the Equal Employment Opportunity Commission. (*Id.* ¶ 4.) The Agreement also includes a savings clause, through which any unenforceable terms may be severed to enforce the remainder. (*Id.* ¶ 12.)

## III.    <u>JUDICIAL STANDARD</u>

The Federal Arbitration Act ("FAA") provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, courts are required "to compel arbitration 'in accordance with the terms of the agreement' upon the motion of either party to the agreement (assuming that the 'making of the arbitration agreement or the failure . . . to perform the same' is not at issue)." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting 9 U.S.C. § 4). The role of the Court is to determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

The FAA establishes federal policy that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). Once an arbitration agreement is found to be valid, enforceable, and applicable, the court shall stay the action pending the outcome of the arbitration or dismiss the action. 9 U.S.C. § 3; *Sparkling v. Hoddman Constr. Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988).

---

[2] Defendant incorrectly filed Dickinson's declaration and exhibits as a single document, rather than as separate attachments. Hereafter, Defendant is advised to comply with the Court's Standing Order requiring each exhibit to be filed as a separate attachment. (Standing Order at 4, ECF No. 13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00195-RGK-SHK | Date | April 12, 2024 |
|---|---|---|---|
| Title | *Jacob Saige et al. v. Capstone Logistics, LLC et al.* | | |

## IV.    DISCUSSION

Plaintiffs assert ten claims individually and on behalf of similarly situated, hourly-paid employees of Defendant: eight claims for violations of various sections of California's Labor Code, one claim for unfair and unlawful business practices in violation of California's Business and Professions Code, and one claim for civil penalties under the California Private Attorneys General Act ("PAGA").

Defendant argues that the bulk of these claims should either be compelled to arbitration or dismissed pursuant to the Arbitration Agreement. Specifically, Defendant argues that the individual claims are subject to compelled arbitration and the class-based claims should be dismissed, except for the class-based PAGA claim, which should be stayed. Plaintiffs argue that the Arbitration Agreement is invalid and unenforceable. Before addressing validity, the Court first addresses the applicable law.

### A.    Applicable Law

As a preliminary matter, the parties dispute the FAA's applicability to the Arbitration Agreement. Defendant argues that the FAA applies because Defendant engages in interstate commerce. Plaintiffs argue that they are excepted from the FAA as "transportation workers" engaged in foreign or interstate commerce. The Court agrees with Defendant.

The FAA broadly applies to all "contract[s] evidencing a transaction involving [interstate] commerce." 9 U.S.C. § 2; *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 281 (1995). Here, it is undisputed that Defendant is engaged in interstate commerce given its supply chain logistics services. By extension, Defendant's employment contracts with Plaintiffs, including the Arbitration Agreement, evidence a transaction involving interstate commerce. Thus, the Arbitration Agreement falls within the broad scope of the FAA.

However, the FAA does not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. This exception applies only to employment contracts with transportation workers. *Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 458 (2022). For an employee to qualify as a transportation worker, the employee "must be actively 'engaged in transportation' of . . . goods across borders via the channels of foreign or interstate commerce." *Id.* (quoting *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121 (2001)). The employee need not personally transport goods across borders. *Id.* at 458–59. For example, an employee who loads cargo bound for interstate transit qualifies as a transportation worker. *Id.*

To determine whether the transportation worker exception applies, courts engage in a two-step analysis. *Ortiz v. Randstad Inhouse Servs., LLC*, --- F.4th ---, 2024 WL 1061287, at *3, 6 (9th Cir. Mar. 12, 2024). First, the court must "defin[e] the relevant 'class of workers'" to which the plaintiff belongs. *Saxon*, 596 U.S. at 455. Second, the court must "determine whether that class of workers is 'engaged in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00195-RGK-SHK | | Date | April 12, 2024 |
|---|---|---|---|---|
| Title | *Jacob Saige et al. v. Capstone Logistics, LLC et al.* | | | |

foreign or interstate commerce.'" *Id.* The party opposing arbitration under the FAA bears the burden of demonstrating that the transportation worker exception applies. *Rogers v. Royal Caribbean Cruise Line*, 547 F.3d 1148, 1151 (9th Cir. 2008) (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220 (1987)). The party must proffer evidence to support its argument; self-serving declarations will not suffice. *See Vega v. Tempoe, LLC*, 2021 WL 3615913, at *3 (C.D. Cal. Apr. 16, 2021) ("[C]ourts routinely reject self-serving declarations offered to undermine arbitration provisions.") (collecting cases).

Here, Plaintiffs assert in their declarations that they were tasked with locating, sorting, and loading goods in warehouses for shipment to retail locations. (McOwens Decl. ¶¶ 4–8, ECF No. 25-1; Saige Decl. ¶¶ 4–8, ECF No. 25-2.) They further assert that many of these goods had either come via interstate transit or were bound for interstate transit. (McOwens Decl. ¶¶ 5, 8; Saige Decl. ¶ 5.) Plaintiffs provide no support for these assertions, however. Plaintiffs offer no evidence beyond their own statements. The Court therefore cannot determine the relevant class of workers to which they belong, or whether that class of workers is engaged in interstate commerce. Plaintiffs thereby fail to meet their burden to demonstrate that they qualify for the transportation worker exception. Accordingly, the Court finds that the FAA applies, limiting the Court's role to only determine the validity and application of the Arbitration Agreement. *See Chiron*, 207 F.3d at 1130. The Court proceeds to analyze validity.

### B.    Validity

Courts determine the validity of an arbitration agreement by applying "ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under California law, the vital elements of a contract are mutual assent and consideration. *Levy v. Only Cremation for Pets, Inc.*, 57 Cal. App. 5th 203, 211 (2020). The party seeking to compel arbitration "bears the burden of proving the existence of a valid arbitration agreement by a preponderance of the evidence." *Jones v. Jacobson*, 195 Cal. App. 4th 1, 15 (2011) (citation omitted). Arbitration agreements may also be invalidated by general contract defenses, such as fraud, duress, and unconscionability. *AT&T Mobility LLC*, 563 U.S. at 339.

Plaintiffs argue that the Arbitration Agreement is invalid on two grounds: (1) lack of mutual assent; and (2) unconscionability.[3] The Court addresses each argument in turn.

#### 1.    *Mutual Assent*

Plaintiffs argue that the Arbitration Agreement is invalid for lack of mutual assent because Plaintiffs never acknowledged or signed the Agreement. The Court disagrees.

---

[3] Plaintiffs also argue that the Court should find the Arbitration Agreement unenforceable under California law. However, these arguments go beyond validity and thus fall outside the Court's limited purview under the FAA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00195-RGK-SHK | Date | April 12, 2024 |
|---|---|---|---|
| Title | *Jacob Saige et al. v. Capstone Logistics, LLC et al.* | | |

Mutual assent, or the consent of the parties, is "[a]n essential element of any contract." *Id.* at 381. A court cannot enforce a contract's arbitration agreement if a party never entered into the contract, and thus never consented to arbitration. *Jackson v. Amazon.com, Inc.*, 559 F. Supp. 3d 1132, 1144 (S.D. Cal. 2021); *Brodke v. Alphatec Spine Inc.*, 160 Cal. App. 4th 1569, 1577 (2008).

According to Defendant's Senior Human Resources Information Systems ("HRIS") Manager, Scott Dickinson, Plaintiffs acknowledged and signed the Arbitration Agreement as part of their employee onboarding. (Dickinson Decl. ¶¶ 12, 22.) Plaintiffs dispute this, asserting in their own declarations that they never acknowledged or signed the Agreement and accusing their supervisors of fraudulently signing the Agreement on their behalf. (McOwens Decl. ¶¶ 11–19; Saige Decl. ¶¶ 9–13.) Plaintiffs also argue that the Court should disregard Dickinson's testimony for lack of foundation, and question why Dickinson did not include signed copies of the Agreement with his declaration.

Plaintiffs' arguments miss the mark. First, Plaintiffs' only evidence disputing Dickinson's testimony is their own, self-serving declarations, which are insufficient to undermine arbitration provisions. *See Vega*, 2021 WL 3615913, at *3; *see also Palomo v. Best Buy Co.*, 2021 WL 4509183, at *3 (C.D. Cal. Apr. 30, 2021) (rejecting plaintiff's self-serving declaration asserting that he never signed the arbitration agreement). Second, Plaintiffs' objections and criticisms of Dickinson's testimony are unavailing. Dickinson makes clear that as the Senior HRIS Manager, he oversees Defendant's electronic onboarding systems, and is thus familiar with and has access to employees' personnel records. (Dickinson Decl. ¶¶ 2–3.) He explains how the electronic onboarding system works and how personnel records, including onboarding documents, are stored. (*Id.* ¶¶ 4–9, 15–17.) And finally, he explains that these records show that Plaintiffs acknowledged and signed the Arbitration Agreement. (*Id.* ¶¶ 12, 22.) It is unclear what additional foundation Plaintiffs desire. And while Plaintiffs are correct that Dickinson did not submit any signed documents, Plaintiffs offer no authority suggesting that submitting the actual signed documents are necessary. Accordingly, the Court finds that the parties mutually assented to the Arbitration Agreement.

### 2.   *Unconscionability*

Plaintiffs alternatively argue that the Arbitration Agreement is invalid because it is unconscionable. The Court disagrees.

Arbitration agreements may be found invalid if they are unconscionable. *AT&T Mobility LLC*, 563 U.S. at 339. California law recognizes that unconscionability can be procedural or substantive. *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 246 (2012). Although a party needs to prove both procedural and substantive unconscionability for an unconscionability defense to be valid, they do not need to be present in the same degree. *OTO, LLC v. Kho*, 8 Cal. 5th 111, 125 (2019). California adopts a "sliding scale" approach to unconscionability, meaning if there is a

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00195-RGK-SHK | Date | April 12, 2024 |
|----------|------------------------|------|----------------|
| Title | *Jacob Saige et al. v. Capstone Logistics, LLC et al.* | | |

"high degree" of procedural unconscionability then only a "relatively low" showing of substantive unconscionability is required, and vice-versa. *Id.*

Plaintiffs argue that the Arbitration Agreement is both procedurally and substantively unconscionable, and that this unconscionability permeates the Agreement so as to invalidate the Agreement in its entirety. The Court addresses each form of unconscionability before considering whether the Agreement must be invalidated in its entirety or the unconscionable terms may be severed.

        a.     *Procedural Unconscionability*

Procedural unconscionability relates to the manner in which the contract was negotiated, focusing on "oppression or surprise due to unequal bargaining power." *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1243 (2016). Oppression occurs when there is an "inequality of bargaining power" between the parties that results in the weaker party lacking the ability to negotiate. *Kinney v. United HealthCare Serv., Inc.*, 70 Cal. App. 4th 1322, 1329 (1999). Surprise involves the stronger party hiding the terms of the agreement in a way that makes them difficult to find. *Id.* At 1330.

A contract of adhesion—a "standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it"—typically evidences at least an indicium of procedural unconscionability. *Gutierrez v. Autowest, Inc.*, 114 Cal. App. 4th 77, 87 (2003). Arbitration agreements presented to an employee on a "take-it-or-leave-it basis," with signature being "a condition of employment," represents a typical contract of adhesion. *Sanchez v. Carmax Auto Superstores Cal., LLC*, 224 Cal. App. 4th 398, 402 (2014). However, the mere conclusion that an arbitration agreement is a contract of adhesion "does not weigh heavily in the procedural unfairness analysis." *Moreno v. Banamex USA*, 2014 WL 12534772, at *4 (C.D. Cal. June 20, 2014). So long as the arbitration agreement is "highlighted for the employee, any procedural unconscionability is . . . limited." *Campos v. DXP Enters., Inc.*, 2018 WL 3617885, at *5 (C.D. Cal. Mar. 14, 2018); *see also Itkoff v. ABC Phones of N.C., Inc.*, 2018 WL 6242158, at *7 (C.D. Cal. 2018) ("[I]n the absence of a meaningful showing of unfair surprise, the resulting degree of procedural unconscionability arising from the adhesive nature of the Arbitration Agreement is minimal.").

Here, Plaintiffs argue that the Arbitration Agreement was both oppressive and surprising. Specifically, Plaintiffs argue that the Agreement was oppressive because it was a contract of adhesion, and surprising because Defendant not only failed to attach the rules of arbitration to the Agreement, but also failed to provide the Agreement itself to Plaintiffs to acknowledge and sign. Plaintiffs' arguments are only half-correct. While the Arbitration Agreement appears to be one of adhesion, going to oppression, there is no evidence of unfair surprise. Though the rules of arbitration were not attached to the Agreement, they were explicitly referenced and hyperlinked in the Agreement, making them readily available to Plaintiffs. (Agreement ¶ 7.) And while Plaintiffs reiterate their assertions that they never

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00195-RGK-SHK | Date | April 12, 2024 |
|---|---|---|---|
| Title | *Jacob Saige et al. v. Capstone Logistics, LLC et al.* | | |

reviewed, acknowledged, or signed the Agreement, as explained above, the Court assigns little weight to such self-serving assertions in the face of contrary evidence. *See Vega*, 2021 WL 3615913, at *3. Accordingly, having established only oppression, Plaintiffs demonstrate only a "minimal" degree of procedural unconscionability.

           b.     *Substantive Unconscionability*

Substantive unconscionability focuses on the terms of the agreement. *See 24 Hour Fitness, Inc. v. Super. Ct.*, 66 Cal. App. 4th 1199, 1213 (1998). "[T]he paramount consideration in assessing [substantive] unconscionability is mutuality." *Abramson v. Jupiter Networks, Inc.*, 115 Cal. App. 4th 638, 657 (2004). An agreement lacks mutuality when it is "unjustifiably one-side[d] to such an extent that it 'shocks the conscience.'" *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 923 (9th Cir. 2013) (quoting *Parada v. Super. Ct.*, 176 Cal. App. 4th 1554, 1578 (2009)).

Here, Plaintiffs argue that several provisions are substantively unconscionable, and that these provisions, when combined with the procedural unconscionability discussed above, invalidate the Agreement in its entirety. Specifically, Plaintiffs attack: (1) the wavier of administrative monetary relief; (2) the waiver of class-based PAGA claims; (3) the one-way obligation to arbitrate against Defendant's business partners and customers; and (4) the choice of arbitration rules. The Court addresses each challenged provision in term.

           i.     Waiver of Administrative Monetary Relief

The Arbitration Agreement states that administrative claims are exempted from arbitration, except to the extent that an employee seeks monetary relief. (Agreement ¶ 4.)

Plaintiffs argue that this provision is substantively unconscionable because administrative remedies are primarily designed to protect employees, not employers, and thus any limits on those remedies are necessarily one-sided and "overly harsh." *See, e.g., Hasty v. Am. Auto. Ass'n of N. Cal., Nev. & Utah*, 98 Cal. App. 5th 1041, 1060 (2023) (finding unconscionable a provision that allows an employee to file an administrative complaint but waives the right to any remedy or relief therefrom); *see also Baxter v. Genworth N. Am. Corp.*, 16 Cal. App. 5th 713, 735 (2017) (finding unconscionable a provision that prevents an employee from seeking an administrative investigation before arbitrating). Defendant does not appear to dispute that this waiver is substantively unconscionable. Thus, the waiver is substantively unconscionable.

           ii.     Waiver of Class-Based PAGA Claims

The Arbitration Agreement broadly applies to all claims that an employee may have against Defendant "whether based on tort, contract, statute . . . , equitable law, or otherwise." (Agreement ¶ 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00195-RGK-SHK | | Date | April 12, 2024 |
|---|---|---|---|---|
| Title | *Jacob Saige et al. v. Capstone Logistics, LLC et al.* | | | |

Whereas any individual claims must be arbitrated, any class claims within the scope of the Agreement are completely waived. (*Id.* ¶¶ 2, 5.)

Plaintiffs argue that these provisions are also substantively unconscionable because they effectively waive Plaintiffs' ability to bring class-based PAGA claims. PAGA claims may be brought on both an individual and class basis. Cal. Lab. Code § 2699(a). Whereas agreements to arbitrate individual PAGA claims are reasonable, agreements to waive class-based PAGA claims are unconscionable. *Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104, 1117–18 (2023); *see also Prostek v. Lincare Inc.*, 662 F. Supp. 3d 1100, 1116–17 (E.D. Cal. 2023) (collecting cases). Defendant does not appear to dispute that this waiver is substantively unconscionable. Thus, the waiver is substantively unconscionable.

iii.     One-Way Arbitration

The Arbitration Agreement applies to "Covered Claims." (Agreement ¶ 2.) According to the Agreement:

> Covered Claims under this Agreement are any claim, dispute, and/or controversy that I may have against the Company, or that the Company may have against me, whether based on tort, contract, statute . . . , equitable law, or otherwise. . . . Covered Claims also specifically include but are not limited to any claim, dispute, and/or controversy that I may have against, or that may be related in any way to the services I or the Company provides to, the Company's business partners or customers and their employees.

(*Id.* ¶ 3.)

Plaintiffs argue that the Agreement's definition of Covered Claims is unconscionable because it one-sidedly requires employees to arbitrate claims against Defendant's business partners and customers without requiring the same for claims against employees. *See, e.g., Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519, 1530 (1997) (finding substantively unconscionable an agreement that requires an employee to arbitrate claims but allows the employer to use the court system). Defendant does not dispute that such a one-sided requirement would be substantively unconscionable. Instead, Defendant argues that Plaintiffs misinterpret the Agreement because according to Defendant, "the Company" includes "affiliate entities," which would further include Defendant's business partners and customers. (*Id.* ¶ 1.) Thus, Defendant's business partners and customers would similarly be required to arbitrate their claims against Defendant's employees.

Defendant misinterprets the Agreement. An affiliate is commonly understood to be an entity that is "related to another corporation by shareholdings or other means of control," such as "a subsidiary, parent, or sibling corporation." AFFILIATE, Black's Law Dictionary (11th ed. 2019). Business partners and customers, who simply transact with a corporation, do not meet this definition. Defendant does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00195-RGK-SHK | Date | April 12, 2024 |
|---|---|---|---|
| Title | *Jacob Saige et al. v. Capstone Logistics, LLC et al.* | | |

identify any language in the Agreement that suggests that the parties defined "affiliate" any differently. Indeed, had the parties intended for "affiliate" to include business partners or customers, or for "the Company" to otherwise include them, the parties could have simply stated that it included business partners and customers. Having instead used the different term "affiliate," the Court must presume that the term has a different meaning. *See Saxon*, 596 U.S. at 457–58 ("[W]here [a] document has used one term in one place, and a materially different term in another, the presumption is that the different term denotes a different idea.") (quoting Antonin Scalia & Bryan A. Garner, *Reading Law* 170 (2012)). Applying Plaintiffs' correct interpretation, the Agreement imposes a one-sided requirement on employees to arbitrate their claims against Defendant's business partners and customers. Thus, this requirement is substantively unconscionable.

iv.     Arbitration Rules

The Arbitration Agreement states that any arbitration shall be conducted using the employment dispute resolution rules of the American Arbitration Association. (Agreement ¶ 7.) According to those rules, "[t]he arbitrator shall have the authority to order such discovery . . . as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration." (Pls.' Req. for Judicial Notice, Ex. B, ECF No. 25-6.)

Plaintiffs argue that these rules are substantively unconscionable because they improperly leave the scope and extent of discovery to the arbitrator's discretion. In support, Plaintiffs cite to numerous cases which they contend held such discretion is unconscionable. Plaintiffs misstate these cases, however. None of the cases held that an arbitrator's discretion over discovery is, by itself, unconscionable. Rather, each case found that the imposition of strict default limits that could be overridden only at the arbitrator's discretion was unconscionable. *See, e.g., Baxter*, 16 Cal. App. 5th at 727 (limiting the parties to ten interrogatories, five requests for production, and two depositions); *De Leon v. Pinnacle Prop. Mgmt. Servs., LLC*, 72 Cal. App. 5th 476, 482 (2021) (twenty interrogatories and three depositions); *Davis v. Kozak*, 53 Cal. App. 5th 897, 911 (2020) (two depositions); *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 716 (2004) (two depositions); *Martinez v. Master Prot. Corp.*, 118 Cal. App. 4th 107, 118 (2004) (one deposition); *O'Hanlon v. JPMorgan Chase Bank, N.A.*, 2015 WL 5884844, at *6 (C.D. Cal. Oct. 7, 2015) (ten requests for production and two depositions). Plaintiffs do not cite any cases suggesting that an arbitrator's discretion, without an arbitrary default limit, is unconscionable. Indeed, courts have recognized that an arbitrator's discretion is normally accepted. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 106 (2000) ("[Employees] are at least entitled to discovery sufficient to adequately arbitrate their statutory claim . . . as determined by the arbitrator(s)."). Thus, the arbitration rules are not substantively unconscionable.

In sum, the Court finds that the Arbitration Agreement is procedurally unconscionable and that three of its provisions are substantively unconscionable: (1) the wavier of administrative monetary relief; (2) the waiver of class-based PAGA claims; and (3) the one-way obligation to arbitrate against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00195-RGK-SHK | | Date | April 12, 2024 |
|---|---|---|---|---|
| Title | *Jacob Saige et al. v. Capstone Logistics, LLC et al.* | | | |

Defendant's business partners and customers. Having thereby found both forms of unconscionability, the Court next addresses whether the unconscionability permeates and invalidates the Agreement in its entirety or the unconscionable provisions may be severed.

        c.      *Severance*

The Arbitration Agreement contains a savings clause, which states that any void or unenforceable terms may be severed in order to keep the remainder enforceable. (*Id.* ¶ 12.) Savings clauses like these may be enforced to sever unconscionable contract terms. *See Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 662 (2022); Cal. Civ. Code § 1670.5(a). Severance is generally appropriate unless unconscionability "permeates" the agreement. *Armendariz*, 24 Cal. 4th at 122. To determine whether unconscionability permeates the agreement, courts first determine whether "the central purpose of the contract is tainted with illegality," in which case "the contract as a whole cannot be enforced." *Id.* at 124. "If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate." *Id.*

Here, unconscionability does not permeate the Arbitration Agreement. The central purpose of the Agreement is to require employees to arbitrate their claims against Defendant and vice versa. The unconscionable terms—a waiver of administrative monetary relief, the waiver of class-based PAGA claims, and the one-way obligation to arbitrate against Defendant's business partners and customers— are collateral to that central purpose and can be easily severed without frustrating that purpose. Indeed, the only unconscionable provision that affects Plaintiffs' claims is the waiver of class-based PAGA claims, which the California Supreme Court recently held may be severed, allowing the individual PAGA claim to be arbitrated and the class-based PAGA claim to remain before the court. *Adolph*, 14 Cal. 5th at 1123–24 (citing *Viking River Cruises*, 596 U.S. 639). Accordingly, the Court severs the unconscionable provisions, but enforces the remainder of the Agreement. Having determined that the Arbitration Agreement is largely valid and enforceable, the Court finally considers the appropriate application of the Agreement to Plaintiffs' claims.

**C.    Application**

Plaintiffs assert ten claims individually and on behalf of similarly situated, hourly-paid employees of Defendant: eight claims for violations of various sections of California's Labor Code, one claim for unfair and unlawful business practices in violation of California's Business and Professions Code, and one claim for civil penalties under PAGA.

The Arbitration Agreement contains two relevant provisions that apply to these claims: (1) the arbitration clause, through which Plaintiffs agreed to submit their claims against Defendant to arbitration; and (2) the waiver of class and collective claims. (Agreement ¶¶ 2, 5.) As explained above,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00195-RGK-SHK | Date | April 12, 2024 |
|---|---|---|---|
| Title | *Jacob Saige et al. v. Capstone Logistics, LLC et al.* | | |

both provisions are enforceable, except as to Plaintiffs' class-based PAGA claim, which must remain before this Court. Accordingly, the Court **COMPELS** Plaintiffs' individual claims to arbitration, and **DISMISSES** Plaintiffs' class-based claims, except for Plaintiffs' class-based PAGA claim.

This leaves Plaintiffs' class-based PAGA claim as the only claim pending before this Court. Under the FAA, when an action includes arbitrable and non-arbitrable claims that must be bifurcated, the court may, on application by a party, "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The California Supreme Court recently suggested that a stay is preferable for class-based PAGA claims when individual claims are bifurcated. *Adolph*, 14 Cal. 5th at 1124–25. The court explained that a plaintiff may have standing to bring a class-based PAGA claim only if the plaintiff has a valid individual PAGA claim. *Id.* at 1124 (citing *Rocha v. U-Haul Co. of Cal.*, 88 Cal. App. 5th 65, 76–82 (2023)). Thus, whether the class-based claim may proceed depends on the outcome of the arbitration, and proceeding in parallel might lead to re-litigation of issues and inconsistent rulings. *Id.*

Here, Defendant asks the Court to stay the class-based PAGA claim. Plaintiffs do not oppose. Given the arbitration's impact on standing, the Court finds that a stay would promote judicial economy. Accordingly, the Court **STAYS** the class-based PAGA claim.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Compel Arbitration and Dismiss Complaint. The Court **COMPELS** Plaintiffs' individual claims to arbitration, **DISMISSES** Plaintiffs' class-based claims, except for Plaintiffs' class-based PAGA claim, which the Court **STAYS**. The Court further orders the parties to file a joint status report regarding the arbitration 90 days from this Order's issuance.

**The Scheduling Conference set for April 22, 2024 is hereby taken off calendar and shall be reset as necessary.**

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                   JRE/sf